**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1715-18T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

TAHJ J. PINES,

      Defendant-Appellant.

_____

Submitted December 16, 2019 – Decided February 20, 2020

Before Judges Sumners and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 09-07-1467.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, of counsel and on the brief).

PER CURIAM

Defendant Tahj J. Pines appeals the Law Division order denying him post-conviction relief (PCR) without an evidentiary hearing. Having reviewed the record considering the applicable legal standards, we affirm.

I

The underlying trial evidence and procedural history are detailed in our unpublished decision affirming defendant's conviction and sentence on direct appeal, State v. Pines, No. A-4721-12T3 (App. Div. April 14, 2016), certif. denied, 227 N.J. 259 (2016), and in the PCR judge's twenty-nine-page written decision. We incorporate both by reference here; thus, a brief summary will suffice.

On March 11, 2008, defendant and co-defendants, Kenneth Michael Bacon-Vaughters (Kenny Mike), LaShawn Fitch, and Aron Pines, went to the Eatontown apartment Nathaniel Wiggins shared with his girlfriend, to rob him of the marijuana he sold. After Wiggins answered a knock at the door, he was shot during a scuffle with Kenny Mike. Defendant and his co-defendants fled the scene without taking any of their intended booty. Hearing the commotion, Wiggins's girlfriend went to the kitchen where she saw he was shot. Heeding Wiggins's request, she hid the marijuana that he had been preparing for sale and hysterically called the police. Upon their arrival, two police officers saw a

2

wounded Wiggins on the floor. Wiggins grabbed one of the officer's legs, and in a dying declaration stated, "Kenny Mike shot me."

A subsequent investigation led to the arrests and indictment of defendants. Defendant was tried separately from his co-defendants. His trial strategy, an alibi that he was in Farmingdale at the time of the shooting, was contradicted by forensic evidence and witness testimony. Defendant's DNA sample matched saliva that was found the night of the shooting in the parking lot of Wiggins's apartment.[1] In addition, cellphone records showed: (1) all four defendants were in the area of the shooting, the night of the shooting; (2) calls were made between defendant and Aron, Aron and Kenny Mike, and Aron and Wiggins; and (3) inculpatory text messages between Aron and Kenny Mike. A witness, apparently a friend of the offenders, who was present when the robbery plan was hatched that evening, testified that the morning after the shooting, defendant and Fitch came to his house and detailed the botched robbery without revealing who shot Wiggins. Defendant also revealed Kenny Mike was not wearing a mask during the robbery attempt.

On December 21, 2012, a jury found defendant guilty of first-degree felony murder, first-degree armed robbery, second-degree conspiracy to commit

---

[1] A pair of gloves and a black mask were also found in the parking lot.

robbery, and second-degree possession of a weapon for an unlawful purpose. Five months later, defendant was sentenced to an aggregate fifty-year term of imprisonment subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

After this court denied defendant's direct appeal, he subsequently filed a petition for post-conviction relief (PCR) alleging ineffective assistance of counsel raising numerous claims of ineffective assistance of trial counsel and prosecutorial misconduct. We need not mention defendant's claims as they are detailed in the PCR judge's written decision where he rejected them as procedurally barred by Rule 3:22-4(a) and substantively without merit, and because defendant limits his appeal to us to a single contention.

Defendant argues the PCR judge should have allowed him an evidentiary hearing in order to establish counsel was ineffective in failing to properly advise him regarding the amount of prison time he could receive by rejecting the State's plea offer. He contends he would have accepted the State's offer to plead guilty to first-degree murder with a recommendation of a maximum custodial term of thirty years without parole had counsel advised him that if he was found guilty at trial, he could receive a fifty-year prison term subject to a forty-two-year parole disqualifier under NERA. We disagree.

4

To establish a prima facie claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). A court reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing only if a defendant establishes a prima facie showing in support of the requested relief. State v. Preciose, 129 N.J. 451, 462-63 (1992). The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

The threshold question is whether defendant's claim is procedurally barred. Under Rule 3:22-4, a defendant is barred from raising any issue in a PCR petition that could have been raised on direct appeal unless one of three exceptions apply. See State v. Nash, 212 N.J. 518, 546 (2013). The rule provides:

> Any ground for relief not raised in the proceedings resulting in the conviction, . . . or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the [PCR] hearing finds:

A-1715-18T3

(1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or

(2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or

(3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

[R. 3:22-4(a).]

In applying this rule, the PCR judge did not specifically explain the rule's applicability to defendant's claim that he received ineffective advice regarding his sentence exposure by going to trial. Rather, the judge made a global pronouncement that the entirety of defendant's PCR petition was procedurally barred under Rule 3:22-4(a). The judge decided defendant's petition raised issues that "a reasonable attorney, aware of the relevant facts, could have asserted on direct appeal[,]" and there were "no new facts in support of . . . PCR that were unknown at the time of his direct appeal." The judge maintained there was "[n]o fundamental injustice . . . from enforcement of the bar[,]" as none of defendant's claims "impacted his right to a fair trial or prejudicially impacted the determination of his guilt." The judge concluded by finding "[t]here is

nothing in this record to suggest [d]efendant's [c]onstitutional rights were infringed."

We disagree with the PCR judge's determination that defendant's claim that counsel provided ineffective assistance for not properly advising him of his imprisonment exposure in going to trial was procedurally barred by Rule 3:22-4(a). Because the claim goes outside the record by asserting counsel failed to give proper advice, it is not procedurally barred. See Preciose, 129 N.J. at 460. Even though we rejected defendant's excessive sentence argument on direct appeal, we did not address, nor could we have in that proceeding, a PCR claim pertaining to the advice counsel gave him regarding the potential prison time he could receive if the jury found him guilty of the offenses that it did.

We do, however, join company with the PCR judge's determination that defendant's claim is without merit. The PCR judge properly relied upon the pretrial conference colloquy where the trial judge informed defendant that by being found guilty of "first-degree felony murder, [he could] get a sentence of anywhere between [thirty] years to life imprisonment, and under . . . [NERA], theoretically . . . if [he] were to be given a life . . . sentence, [he] would have to serve [sixty-seven] years before [he] would be eligible for parole." Defendant stated he understood, had no questions, and executed the pretrial memorandum,

which further detailed his trial exposure. The record therefore fully substantiates the PCR judge's finding that "[d]efendant clearly knew his sentencing exposure" based upon his colloquy with the trial judge and his execution of the pretrial memorandum. Moreover, defendant's contention that counsel failed to properly advise him was nothing more than bald assertions without any factual support. See Cummings, 321 N.J. Super. at 170. Accordingly, defendant failed to establish a prima facie case of ineffective assistance of counsel.

Because we agree with the PCR judge that defendant did not establish a prima facie case of ineffective assistance of counsel, we do not conclude he abused his discretion in denying defendant's request for an evidentiary hearing. Preciose, 129 N.J. at 462; see also State v. Porter, 216 N.J. 343, 354 (2013) (holding an evidentiary hearing need only be conducted if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1715-18T3